**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **CLIFFORD D. JACKSON, III,** | ) | **CASE NO. 1:11 CV 2094** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| **PINKEY CARR,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Plaintiff Clifford D. Jackson, III filed this action under 42 U.S.C. § 1983 against Cuyahoga County Prosecutor Bill Mason and Assistant Prosecutors Pinkey Carr, and Sanjeev Bhasker. In the Complaint, Plaintiff alleges that the Prosecutors are zealously seeking to obtain his conviction. He seeks monetary damages, and injunctive relief.

**I. BACKGROUND**

Plaintiff's Complaint is very disjointed, and at times it is difficult to determine exactly what he is alleging. He states that these prosecutors are overzealously pursuing a criminal case against him. He contends they should refuse to proceed on cases where confessions do not match the evidence and identifications do not "measure up to appropriate standards." (ECF No.

1 at 1.) He indicates they should not sponsor testimony they believe to be false.

Plaintiff was arrested on June 12, 2011 and had an initial appearance on June 24, 2011. He contends that he did not receive a preliminary hearing. He alleges he has not been permitted to review the evidence against him, to know the nature and cause of the allegations against him, or to meet the witnesses personally "face to face." (ECF No. 1 at 2.) He suggests there were defects in his indictment. He contends the Best Evidence Rule has not been followed. He asserts that his constitutional rights have been violated and his two defense attorneys have not done enough to protect his rights. He asks the Court to dismiss the "capital components of this case due to constitutional and international law violations." (ECF No. 1 at 3.) Plaintiff contends the amount of his bond is cruel and unusual. The remainder of Plaintiff's Complaint is composed almost entirely of incomplete sentences and legal rhetoric.

## II. LAW AND ANALYSIS

**Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v.*

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

*Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

**Younger Doctrine**

It is not clear from the Complaint whether the criminal charges against Plaintiff are still pending. To the extent that the prosecution is ongoing, this Court cannot intervene in the matter. A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971). When a person is the target of an ongoing state action involving important state matters, he or she cannot interfere with the pending state action by maintaining a

parallel federal action involving claims that could have been raised in the state case. *Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir.1988) If the state defendant files such a case, Younger abstention requires the federal court to defer to the state proceeding. *Id*; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). Based on these principles, abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the state." *Younger*, 401 U.S. at 44.

If Plaintiff's criminal case is still pending, all three factors supporting abstention are present. Enforcing state criminal laws are of paramount state interest. *See Younger*, 401 U.S. at 44-45. The third requirement of *Younger* is that Plaintiff must have an opportunity to assert his federal challenges in the state court proceeding. The pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the federal claims. *Moore v. Sims*, 442 U.S. 415, 430 (1979). The burden at this point rests on the Plaintiff to demonstrate that state procedural law bars presentation of his claims. *Pennzoil Co.*, 481 U.S. at 14. When a Plaintiff has not attempted to present his federal claims in the state court proceedings, the federal court should assume that state procedures will afford an adequate remedy, in the absence of "unambiguous authority to the contrary." *Pennzoil*, 481 U.S. at 15. Here, there has been no showing that the claims asserted by Plaintiff in this federal lawsuit are barred in the state action. The requirements of *Younger* are satisfied and this Court must abstain from interfering in any

pending state court criminal action against the Plaintiff.

### Heck v. Humphrey

Even if the criminal case is no longer pending against Plaintiff, dismissal is still required. A plaintiff may not raise claims in a civil rights action if a judgment on the merits of those claims would affect the validity of a conviction or sentence, unless the conviction or sentence has been set aside. *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). The holding in *Heck* applies whether plaintiff seeks injunctive, declaratory or monetary relief. *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401 at *1 (6th Cir. May 5, 1998). Plaintiff challenges the validity of his indictment, questions the sufficiency of the evidence against him, and claims he has been unable to view evidence of question witnesses. These claims, if found to have merit, would call into question the validity of a resulting conviction. Plaintiff does not allege the charges were resolved in his favor. Absent this information, these claims must be dismissed.

### Prosecutorial Immunity

Finally, if this matter could proceed as a civil rights action, the Defendants would be immune from damages. Prosecutors are entitled to absolute immunity from damages for initiating a prosecution and presenting the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Pusey v. Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993). A prosecutor must exercise his or her best professional judgment both in deciding which suits to bring and in conducting them in court. *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006). This duty could not be properly performed if the prosecutor is constrained in making every decision by the potential consequences of personal liability in a suit for damages. *Id.* These suits could be expected with

some frequency, for a defendant often will transform his resentment at being prosecuted into an allegation of improper and malicious action. *Imbler*, 424 U.S. at 424-25; *Skinner*, 463 F.3d at 525. Absolute immunity is therefore extended to prosecuting attorneys when the actions in question are those of an advocate. *Spurlock v. Thompson*, 330 F.3d 791, 798 (6th Cir.2003). Immunity is granted not only for actions directly related to initiating a prosecution and presenting the State's case, but also to activities undertaken "in connection with [the] duties in functioning as a prosecutor." *Imbler*, 424 U.S. at 431; *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir.2002). The immunity also reaches beyond the criminal process to conduct in civil proceedings where a government attorney is operating in an enforcement role in "initiating ... judicial proceedings," *Cooper v. Parrish*, 203 F.3d 937, 947 (6th Cir.2000), or "undertak[ing] the defense of a civil suit." *Al-Bari v. Winn*, No. 89-5150, 1990 WL 94229, at *1 (6th Cir. July 9, 1990). Plaintiff's allegations against these Defendants are clearly based on their role in initiating and pursuing the criminal case against the Plaintiff. They are immune from damages for these actions.

### III. CONCLUSION

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

-6-

                S/Christopher A. Boyko
               CHRISTOPHER A. BOYKO
               UNITED STATES DISTRICT JUDGE

1/5/2012